CITY OF LADDONIA, Respondent, v. JAMES F. POOR, Appellant.

### St. Louis Court of Appeals, February 1, 1898.

City of Fourth Class: ORDINANCE: CONSTRUCTION. An ordinance of the city of Laddonia, prohibiting any person from entering upon any depot platform, or upon the premises of any railroad within said city, for the purpose of soliciting patronage for any hotel, etc., applies to the proprietor of a hotel who undertakes to perform the work of a "runner" for his house; and *held,* that such ordinance was not unreasonable because, in this case, the depot was situated in the center of a strip of land about two hundred feet wide, and it was impossible to get within fifty feet of the station, without entering upon the premises of the railroad.

VOL. 73 app—30

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Edmonston & Cullen* for appellant.

The most extravagant construction of the grant of power to cities of the fourth class to regulate license and restrain runners for public houses, etc., would not give the city authority to pass an ordinance restraining hotel proprietors from soliciting trade for their hotels. *Trenton v. Clayton,* 50 Mo. App. 535; *Knapp v. Kansas City,* 48 *Id.* 485. See, also, *Johnson v. Dow,* 53 Mo. App. 372; *State v. Walsh,* 136 Mo. 400; *State ex rel. v. Tutle,* 71 *Id.* 650; *State ex rel. v. Herman,* 75 *Id.* 340; *State v. Julow,* 129 *Id.* 163; Const. Mo., art. 4, sec. 53; Cooley's Const. Lim. [6 Ed.], 481, 483; *State v. Granneman,* 132 Mo. 326; How. & Bemis on Mun. Ord., sec. 135.

The sweeping scope of this ordinance applied to the situation at Laddonia has the practical effect of prohibiting persons from plying their vocation, and is unreasonably oppressive and void. *Cole v. Skrainka,* 105 Mo. 303; *Kansas City v. Sutton,* 52 Mo. App. 398; *Lamar v. Weidman,* 51 *Id.* 507; *Verdin v. St. Louis,* 131 Mo. 26.

*W. W. Frey* and *E. C. Kennen* for respondent.

The power to regulate the keepers of hotels is fairly to be inferred from the grant of power given to regulate hotels and the runners therefor; and whenever the keeper of a hotel performs the work of a runner he becomes subject to the regulation. Laws 1895, sec. 84, p. 84; *Knapp v. Kansas City,* 48 Mo. App. 485.

As to the power to pass police regulations by cities

of the fourth class, see *Bluedorn v. R. R.*, 108 Mo. 439; *Water Co. v. Aurora*, 129 *Id.* 540; *Chillicothe v. Brown*, 38 Mo. App. 609, and citations.

In these and like cases the legislature may deem it conducive to the public good to throw around such employment certain restrictions; and so long as every individual so engaged is treated the same as his own class, and no law is passed directed against him alone, the restriction can not be charged with being partial, and for that reason void.

BIGGS, J.—The plaintiff is a city of the fourth class. The defendant was tried and convicted for the violation of one of the ordinances of the city. Under the statute cities of the fourth class have power and authority "to regulate and to license, and to levy and collect a license tax on * * * taverns, hotels and boarding houses * * * to license, tax and regulate hackmen, draymen, omnibus drivers, porters and all others pursuing like occupations, with or without vehicles, and to prescribe their compensation, and to regulate, license and restrain runners for steamboats, cars, stages and public houses." (Sess. Acts 1895, p. 84, sec. 84.) Also "to enact and make all such ordinances and rules not inconsistent with the laws of the state, as may be expedient for maintaining the peace and good government and welfare of the city and its trade and commerce." (Sess. Acts 1895, sec. 106.) The council of the city of Laddonia adopted the following ordinance: "Hereafter it shall be unlawful for any person to enter upon any depot platform, or upon the premises of any railroad within the city of Laddonia, Missouri, for the purpose of soliciting trade or patronage for any hotel, livery stable or lodging house, or to solicit such trade or patronage while in said railroad premises or on said depot platform." The infor-

mation charged that the defendant on a certain day entered upon the platform of the railroad depot or station in the city of Laddonia and solicited patronage for his hotel, contrary to the provisions of the foregoing ordinance. He was found guilty and his fine assessed at the sum of $1. He has appealed.

It appearing from the information and evidence that the defendant is the proprietor of an hotel, it is insisted that his conviction was unauthorized for the reason that the power to regulate "runners" for hotels, etc., must be confined to persons falling within that class, that is persons who are hired to do such work. This construction can not be accepted. If the keeper of a hotel undertakes to perform the work of a "runner" for his house, he becomes subject to the regulation.

CITY of fourth class; ordinance construction.

It is also insisted that under the circumstances the ordinance is unreasonable and oppressive. When a municipal regulation is partial or unreasonably oppressive, the courts will declare it invalid, but it must present a clear case of partiality or oppression. 1 Dillon, Mun. Corp. [4 Ed.], sec. 322; *Kansas City v. Sutton*, 52 Mo. App. 398; *Chillicothe v. Brown*, 38 Mo. App. 609; *St. Louis v. Spiegel*, 8 Mo. App. 478. The ordinance in question prohibits persons from entering upon the platform at the station or the premises of the railroad for the purpose of soliciting trade, etc. The evidence tends to show that the depot building is situated in the center of a strip of land about two hundred feet wide and that it is impossible to get within fifty feet of the station without entering upon the premises of the railroad company. It is insisted that under these circumstances the practical effect of the ordinance is to prohibit the defendant from plying his vocation. This is only true in a measure.

The ordinance only prohibits hotel proprietors

from exercising an offensive method of obtaining patronage for their houses. The helpless innocent traveler is entitled to some consideration. He should be protected in his person and property against the unreasonable conduct and importunities of rival hotel runners. This can only be effectually accomplished by prohibiting "runners" from going upon the railroad premises for the purpose of soliciting trade. Under this view the ordinance must be held to be a reasonable regulation. In the case of *Chillicothe v. Brown*, *supra*, the Kansas City court of appeals had under consideration a similar ordinance, which the court sustained. With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.