[Crim. No. 2040.   In Bank.—January 27, 1917.]

## In the Matter of the Application of E. H. BARMORE, for a Writ of Habeas Corpus.

MUNICIPAL CORPORATIONS—RESTRICTING SOLICITATION OF BUSINESS IN PUBLIC PLACES.—A municipal corporation, in the exercise of the police power conferred by section 11 of article XI of the constitution, may by ordinance make it unlawful for any person to solicit custom or patronage upon any boat or in any depot, for any hotel, or for the transportation of persons or baggage, goods, wares, or merchandise, for hire.   Such an ordinance is not void for unreasonableness.

ID.—RIGHT TO RESTRICT CANNOT BE LIMITED BY PRIVATE CONTRACT.— The right of the municipality to so legislate cannot be limited by any contract made between private parties.

ID.—REASONABLENESS OF LIMITATION UPON CONDUCT OF BUSINESS.—The question whether a limitation upon the conduct of a business has a reasonable relation to the accomplishment of a legitimate public purpose is one that must be decided upon a view of the particular legislation and the circumstances to which it is applied.   The question is largely one of fact.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, for Petitioner.

Henry T. Gage, and U. I. Gilbert, *Amici Curiae*, for Southern Pacific Company.

Warren L. Williams, City Prosecutor, and Erwin W. Widney, Deputy City Prosecutor, for Respondent.

SLOSS, J.—The petitioner is held in custody on a charge of violating an ordinance of the city of Los Angeles, and seeks his release by means of a writ of *habeas corpus.*

The ordinance is one "regulating the business of soliciting custom or patronage upon the public streets, boats, railway trains and depots, and providing for the issuance of permits therefor." The provision here in question is contained in section 9 of the ordinance, which, so far as it need be quoted, declares that "it shall be unlawful for any person to solicit

custom or patronage upon any boat, . . . or in any depot, . . . for any hotel, . . . or for the transportation of persons or baggage, goods, wares, or merchandise for hire; . . . " The petitioner, E. H. Barmore, is the president of the Los Angeles Transfer Company, a corporation, which has a contract with the Southern Pacific Railroad Company, under which said transfer company and its agents are authorized to enter the cars and the depot of said railroad company to solicit custom and patronage. The complaint under which Barmore is held charges that he solicited custom and patronage for the transportation of persons and baggage, in the Southern Pacific depot in the city of Los Angeles.

The petitioner contends that section 9 of the ordinance is unreasonable and void, and this is the only question presented for decision. Under the direct grant of article XI, section 11, of the constitution, the city of Los Angeles has authority to "make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." The nature, extent, and limitations of the police power have been so frequently and so exhaustively discussed by this court and others that a mere statement of a few well-settled principles will suffice. It is familiar law that under this power the legislative authority may restrict the use of property, or the conduct of business, to such extent as may reasonably be thought necessary to promote the public health, safety, or comfort. Arbitrary or oppressive restrictions, having no reasonable adaptations to these ends, will be condemned by the courts as in conflict with fundamental constitutional rights. But the legislative determination that a given regulation of the use of property or of the conduct of a business is necessary in the public interest will be given great weight in any judicial inquiry into the validity of the enactment, and the courts will not interfere with the discretion of the law-making body "except where the case be plain that needless° oppression is worked and constitutional rights invaded." (*In re Smith,* 143 Cal. 368, 372, [77 Pac. 180, 182].)

Section 9 of the ordinance under review is designed to regulate the business of transporting passengers or goods, by prohibiting solicitation of patronage therefor in certain public places, including railroad stations. The business is no doubt a legitimate and useful one. But even lawful occu-

pations are subject to reasonable regulation, and one of the recognized modes of regulation is by prescribing the places where a given occupation may or may not be conducted. (*Ex parte Quong Wo,* 161 Cal. 220, [118 Pac. 714].) The comfort and convenience of the many persons who have occasion to pass through railroad stations are directly affected by the manner in which transfer facilities for themselves and their baggage are offered. In enacting this ordinance, the city council may well have thought that active solicitation of patronage within depots would interfere unduly with the peaceable and convenient use of such depots by arriving and departing passengers. We cannot say that such a view is unreasonable, or that the prohibition of such solicitation is not a proper means of promoting the comfort and convenience of the traveling public, and protecting it from the annoyance of importunate requests for employment.

This court has not heretofore had occasion to pass upon restrictions of this precise kind. Similar ordinances and statutes have, however, come under judicial review elsewhere, and the decided weight of authority, particularly that of more recent date, supports the validity of such enactments. (*Emerson* v. *McNeil,* 84 Ark. 552, [15 L. R. A. (N. S.) 715, 106 S. W. 479]; *Williams* v. *State,* 85 Ark. 464, [122 Am. St. Rep. 47, 26 L. R. A. (N. S.) 482, 108 S. W. 838]; *Chillicothe* v. *Brown,* 38 Mo. App. 609; *Laddonia* v. *Poor,* 73 Mo. App. 465; *Seattle* v. *Hurst,* 50 Wash. 424, [18 L. R. A. (N. S.) 169, 97 Pac. 454]; *Seattle T. & T. Co.* v. *City of Seattle,* 86 Wash. 594, [150 Pac. 1134].) The case of *Williams* v. *State,* just cited, was reviewed by the supreme court of the United States on writ of error. The judgment of the supreme court of Arkansas was affirmed. (*Williams* v. *Arkansas,* 217 U. S. 79, [18 Ann. Cas. 865, 54 L. Ed. 673, 30 Sup. Ct. Rep. 493].) The higher court quoted approvingly from the opinion of the state court, and a part of the passage quoted is appropriate for repetition here: 

"The legislature clearly has the power to make regulation for the convenience and comfort of travelers on railroads, and this appears to be a reasonable regulation for their benefit. It prevents annoyance from the importunities of drummers. . . .

"This statute is not an unreasonable restriction upon the privilege one should enjoy to solicit for his lawful business,

which, it is rightly urged, is an incident to any business. It does not prevent anyone from advertising his business or from soliciting patronage, except upon trains, etc. This privilege is denied him for the public good. It is a principle which underlies every reasonable exercise of the police power that private rights must yield to the common welfare." (*Williams* v. *Arkansas*, 217 U. S. 89, [18 Ann. Cas. 865, 54 L. Ed. 673, 30 Sup. Ct. Rep. 495], quoting from *Williams* v. *State*, 85 Ark. 470, [122 Am. St. Rep. 47, 26 L. R. A. (N. S.) 482, 108 S. W. 840].)

We think the sound view is that declared by the cases which we have cited, although there are a few decisions holding to the contrary. (*Napman* v. *People*, 19 Mich. 352; *Cosgrove* v. *Augusta*, 103 Ga. 835, [68 Am. St. Rep. 149, 42 L. R. A. 711, 31 S. E. 445].)

The petitioner cites a number of cases in which this court has overthrown municipal ordinances or statutes which sought to prohibit the carrying on of business in a certain place or in a given manner. There is no occasion to review these cases in detail. They dealt with occupations and with restrictions bearing no resemblance to those here involved. The question whether a limitation upon the conduct of a business has a reasonable relation to the accomplishment of a legitimate public purpose is one that must be decided upon a view of the particular legislation and the circumstances to which it is applied. The question presented is largely one of fact.

It is of no importance in this inquiry that the Los Angeles Transfer Company had a contract with the Southern Pacific Railroad Company, under which its agents were authorized to solicit in the depot of the railroad company. If the city was authorized, in the exercise of its police power, to prohibit solicitation within the depot, its right to so legislate could, of course, not be limited by any contract made between private parties. "All contracts are subject to this power, the exercise of which is neither abridged nor delayed by reason of existing contracts." (*Seattle* v. *Hurst*, 50 Wash. 424, [18 L. R. A. (N. S.) 169, 97 Pac. 454] ; see, also, *Chillicothe* v. *Brown*, 38 Mo. App. 609.)

The writ is discharged and the petitioner remanded.

Shaw, J., Melvin, J., Lawlor, J., Henshaw, J., Lorigan, J., and Angellotti, C. J., concurred.