[L. A. No. 5284. In Bank.—October 1, 1920.]

## W. A. BROWN, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

[1] Police Power — Regulation of Undertaking Establishments in Residential Districts — Constitutional Law.—Inasmuch as one of the purposes of the state and federal governments is to secure to men the inalienable right of pursuing and obtaining safety and happiness, the establishment of undertaking parlors in thickly settled communities and residential districts may constitute such an invasion of this inalienable right of the inhabitants thereof as to bring the regulation and control, and, if necessary, the prohibition thereof, within the well-recognized police power of the state.

[2] Municipal Corporations — Ordinance Establishing Zone for Undertaking Establishments — Illegal Discrimination — Prohibition in Uninhabited Districts—Undertaker in Inhabited Locality not Aggrieved.—One seeking to maintain an undertaking establishment in the heart of a large city and outside of the zone wherein the maintenance of such establishments is alone permitted cannot complain that the ordinance creating the zone is illegally discriminatory against him because of the fact that the ordinance in effect prohibits the maintenance of such establishments in the outlying districts of the city which are uninhabited.

[3] Id.—Fixing of Boundary Between Districts — Similarity of Territory—Validity of Ordinance.—The mere fact that there is territory outside of the district in which a business subject to police power is permitted, exactly similar to that inside the district, does not make the ordinance fixing the boundary between the two districts void because unreasonable.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan and H. L. Dunnigan for Appellant.

1. Statutory regulation of undertakers, notes, 18 Ann. Cas. 477; Ann. Cas. 1913A, 1252; 23 L. R. A. (N. S.) 147; 27 L. R. A. (N. S.) 528.

Restrictions on location of business of undertaker, note, 3 A. L. R. 966.

Undertaking establishment as nuisance, note, Ann. Cas. 1912B, 1208.

Albert Lee Stephens, Wm. P. Mealey and Erwin W. Widney for Respondents..

WILBUR, J.—This action was brought by the proprietor of an undertaking establishment to enjoin the enforcement of an ordinance of the city of Los Angeles, No. 31,746, new series, prohibiting the locating of such establishments at any place in the city of Los Angeles outside of certain zones. The injunction was denied and plaintiff appeals.

A prior ordinance was enacted, on July 13, 1904, No. 9695, new series, prohibiting the maintenance of undertaking establishments within the city of Los Angeles, excepting within a certain zone specifically described in the ordinance. This zone has subsequently been enlarged by amendment until it now contains some sixty blocks, including practically all of the business and some of the semi-business property in the central portion of the city. This district is about two and a half miles long and half a mile wide. In addition to the amendment increasing the size of this zone which is described in the present ordinance as District No. 1, other amendments to the ordinance were enacted from time to time creating smaller districts in which the maintenance of undertaking establishments was permitted. These new zones in other portions of the city, thirteen in all, with one exception, have consisted of a single lot described in the amendment to the ordinance in question, and in each instance was enacted for the purpose of permitting an undertaking establishment upon such lot. District No. 2 covered the property of the Highland Park Undertaking Company at 5860 Pasadena Avenue. District No. 3 covered the property of Vesper & Harm, 1930 East First Street. District No. 4 covered the property of Gates & Crane, 1733 Highland Avenue in the Hollywood district. District No. 5 covered the property of W. M. Strother, 6430 Hollywood Boulevard. District No. 6 covered the property of Goodrich & Bryant Undertaking Company at San Pedro, the same having been annexed to the city of Los Angeles, the business having been theretofore established. District No. 7 covered a district in Wilmington, upon which an undertaking establishment was being conducted at the time of its annexation to Los Angeles. It is alleged that districts 8, 9, 10, 11, 12, and 13 were each similarly created for the

purpose of permitting some particular individual to conduct an undertaking establishment upon his property so described in the ordinance. The appellant had conducted an undertaking establishment within zone No. 1, but his lease having expired he sought a new location and secured a lot immediately south, distant 170 feet, of the southerly boundary of zone No. 1. He applied to the city council for an amendment to the ordinance by which the property he had purchased would be excepted from the operation of the ordinance. Opposition developed in the neighborhood to such an establishment, and although a favorable report had been made upon plaintiff's application, it was subsequently denied. Notwithstanding such denial he erected such establishment and has been conducting his business at the new location. Having been frequently arrested for a violation of this ordinance, he brings an action to enjoin its enforcement.

The first question that arises is as to whether or not the business being conducted by the appellant is such that its regulation properly comes within the police power of the state. No case has been called to our attention in which this matter has been expressly decided, although such an establishment has been abated as a nuisance at the instance of the property holders aggrieved thereby. (*Densmore* v. *Evergreen Camp,* 61 Wash. 230, [Ann. Cas. 1912B, 1206, 31 L. R. A. (N. S.) 608, 112 Pac. 255]; *Rowland* v. *Miller,* 139 N. Y. 93, [22 L. R. A. 182, 34 N. E. 765]; *Beisel* v. *Crosby* (Neb.), 178 N. W. 272.) The nature and extent of the police power has been so often discussed by the courts of this and other states that we deem it unnecessary to enter into any general discussion thereof, particularly in view of the fact that in his petition for rehearing the appellant concedes that the business of operating an undertaking establishment is subject to police regulation. It has been held that livery-stables, laundries, soap and glue factories, carpet-beating establishments, lumber-yards, brick-yards, billboards, cemeteries, private hospitals for inebriate, insane, and tubercular patients are subject to regulation under the police power, and that in the exercise of such power their maintenance may be prohibited. The same reasoning which would lead to the conclusion that these establishments are subject to police regulation would also point to the conclusion that undertaking establishments are subject to such

regulation and may be prohibited in thickly settled communities and in residential districts. (*Odd Fellows Cemetery Assn.* v. *San Francisco,* 140 Cal. 230, [73 Pac. 987]; *Laurel Hill Cemetery Assn.* v. *San Francisco,* 152 Cal. 464, [125 Am. St. Rep. 58, 14 Ann. Cas. 1024, 93 Pac. 70]; *Ex parte Quong Wo,* 161 Cal. 220, [118 Pac. 714]; *In re Montgomery,* 163 Cal. 457, [Ann. Cas. 1914A, 130, 125 Pac. 1070]; *Ex parte Hadacheck,* 165 Cal. 416, [L. R. A. 1916B, 1248, 132 Pac. 584]; *In re Barmore,* 174 Cal. 286, [L. R. A. 1917D, 688, 163 Pac. 50]; *Cusack* v. *Chicago,* 242 U. S. 526, [Ann. Cas. 1917C, 594, L. R. A. 1918A, 136, 61 L. Ed. 472, .37 Sup. Ct. Rep. 190, see, also, Rose's U. S. Notes]; *Buchanan* v. *Warley,* 245 U. S. 60, [Ann. Cas. 1918A, 1201, L. R. A. 1918C, 210, 62 L. Ed. 149, 38 Sup. Ct. Rep. 16]; *St. Louis Poster Advertising Co.* v. *St. Louis,* 249 U. S. 269, [63 L. Ed. 599, 39 Sup. Ct. Rep. 274]; *Shepard* v. *Seattle,* 59 Wash. 363, [40 L. R. A. (N. S.) 647, 109 Pac. 1067]; *Everett* v. *Paschall,* 61 Wash. 47, [Ann. Cas. 1912B, 1128, 31 L. R. A. (N. S.) 827, 111 Pac. 879].) [1] Inasmuch as one of the purposes of the organization of our state and federal governments is to secure to men the ''inalienable right'' of ''pursuing and obtaining safety and happiness'' (Const., art. I, sec. 1), we entertain no doubt that the establishment of undertaking parlors in thickly settled communities and residential districts may constitute such an invasion of this inalienable right of the inhabitants thereof as to bring the regulation and control and, if necessary, the prohibition thereof, within the well-recognized police power of the state.

It is claimed, however, in this case that the ordinance is arbitrary, unreasonable, and discriminatory. Appellant thus states the issue in his petition for rehearing: ''The issue in this case upon this appeal, is whether or not courts will receive evidence that in a particular case the exercise of police regulation over an acknowledged subject of such power is in fact in the particular case arbitrary and unreasonable.'' This question was raised by numerous offers of proof, by allegations in the complaint not denied by the answer, and by calling attention to those facts of which the court takes judicial notice regarding the city of Los Angeles. (*Varcoe* v. *Lee,* 180 Cal. 338, [181 Pac. 223].) These numerous points, however, amount in substance to the claim that the

location in which the appellant has established his business is
no different in character and situation from the southerly por-
tion of zone No. 1 and from the various smaller zones created
by amendment to the original ordinance.   With reference to
these smaller zones, created for the express purpose of allow-
ing the maintenance of undertaking establishments by par-
ticular individuals, we may assume that the exercise of such
authority by the city would amount to a special permit to
an individual, and therefore would be an unreasonable exer-
cise of the police power.  This assumption, however, does not
aid the plaintiff, for the reason that if we assume the in-
validity of the amendments to the ordinance permitting the
location of particular undertaking establishments outside of
zone No. 1, we would still be confronted by the ordinance
prohibiting undertaking establishments outside of zone No. 1,
which, if valid, is being violated by the appellant in the
operation of his establishment outside of this district.  The
attack upon the ordinance limiting the establishment of such
business to zone No. 1 is based upon the proposition that
territory outside of this zone is similar in every respect to
that around the location selected by the plaintiff.  It is also
pointed out that there are vast tracts of uninhabited land con-
tained in the annexed districts of Los Angeles City, and that
the ordinance in effect prohibits the establishment of under-
taking parlors in these localities.  [2]  If appellant was
located in this uninhabited and outlying territory, he would
be in a position to raise that question, but having selected
a location in the heart of the city, he is not concerned with
the validity of the ordinance as affecting such outlying terri-
tory.  (*In re Quong Wo,* 161 Cal. 222, [118 Pac. 714].)
[3]  The plaintiff's claim, then, results in this, that where
there is territory outside of the district in which a business
subject to police power is permitted, exactly similar to that
inside the district, the ordinance fixing the boundary be-
tween these two similar districts is void because unreason-
able.  This, of course, cannot be the law.  In support of his
contention he cites *Ex parte Throop,* 169 Cal. 93, [145 Pac.
1029], and *Curtis* v. *Los Angeles,* 172 Cal. 230, [156 Pac.
462], although admitting that in *In re Hadacheck,* 165 Cal.
416, [L. R. A. 1916B, 1248, 132 Pac. 584], this court held
that the mere failure to include similar property within a
district did not invalidate the ordinance.  In *Curtis* v. *Los*

*Angeles, supra,* the city had established eight zones in which livery-stables were authorized upon the receipt of a permit from the proper city authority. Curtis, who had established a livery-stable outside of these districts where they were not prohibited, was subsequently included within a new district, No. 9, and thereafter the livery-stable business was prohibited in this one zone, while permitted in the other eight and in the balance of the city. It was upon this discrimination, by which in this district alone livery-stables were absolutely prohibited, while permitted in eight districts similarly situated, as well as the balance of the city, coupled with the fact that there was no reason in the nature and character of the location which would justify the discrimination, that the court based its conclusion that the ordinance was unreasonable and void. *Ex parte Throop, supra,* involved the location of a stone-crusher. It appeared that the city of South Pasadena had established a small district in the heart of the business and poorer residential district in which stone-crushers were permitted, and prohibited them in the balance of the city. The stone-crusher in question was located on the petitioner's property in the Arroyo Seco, a property which was only valuable because of the stones and boulders thereon, and such property was comparatively remote from residences. The chief justice inspected the premises, in accordance with a stipulation of the parties, and the court came to the conclusion that the ordinance was entirely unreasonable. In the present case, if the original ordinance had permitted the location of undertaking establishments in the entire city, but had required that in zone No. 1 permits should be secured before such business was established, and if the plaintiff had established his business outside of the special district where it was lawful for him so to do, and subsequently a new district had been created surrounding the property in which appellant had located his business, and in this one district alone not dissimilar in character from that in which undertaking establishments were authorized upon securing a permit, and not essentially different from the balance of the city in which the maintenance of such business was entirely unregulated, we would have a case paralleling the Curtis case. If, on the other hand, the plaintiff had located his undertaking establishment in some remote and comparatively uninhabited part of Los Angeles City, upon property which

was only valuable for use as an undertaking establishment, we would have a case paralleling *In re Throop, supra.* In this case, however, the situation is entirely different, and comes clearly within the principle enunciated in *Ex parte Hadacheck, supra.* The mere fact that outside of the permissive district there was other property similar in nature and character would not justify the court upon ascertaining that fact to substitute its judgment for the legislative judgment. The boundary line of a district must always be more or less arbitrary, for the property on one side of the line cannot, in the nature of things, be very different from that immediately on the other side of that line. In a city growing as rapidly as Los Angeles, property is constantly changing its character from residential to apartment house or semi-business and to business property. No doubt property has been purchased and occupied with a knowledge of the various zones and districts established by the legislative authorities of the city, and property in zone No. 1 is purchased with the knowledge that undertaking establishments may be located therein, and property bought outside of that district with the knowledge that, in the absence of some legislative authority therefor, such establishments cannot be maintained. This fact alone justified the careful consideration of the council in making any modification or extension of the zones in which these establishments would be permitted and gave weight to the protests of the property holders which plaintiff claims resulted in the change of attitude of the council upon his application. Appellant also relies upon *Dobbins* v. *City of Los Angeles,* 195 U. S. 233, [49 L. Ed. 169, 25 Sup. Ct. Rep. 18, see, also, Rose's U. S. Notes], and *In re Smith,* 143 Cal. 368, [77 Pac. 180]. In the former case, however, Mrs. Dobbins had secured a permit from the city of Los Angeles for the erection of gasworks within a zone in which such works were permitted by the ordinances of the city, and thereafter while the gas plant was being erected the city, as it is admitted, arbitrarily and for the purpose of favoring a competitor, changed the boundaries of the district so as to prohibit the erection of the very building for which they had given a permit, and upon the faith of which the plaintiff had expended large sums of money. It was held that this arbitrary change of attitude on the part of the city was in effect a taking of

petitioner's property. No such case is presented here. *In re Smith, supra,* declared invalid an ordinance of the board of supervisors of Los Angeles County prohibiting the establishment of a gas plant in Arroyo Seco. It appeared from the admitted facts that there was no reason for selecting this particular locality as a district in which the establishment of gasworks was prohibited, while they were permitted everywhere else in the county. This case is not at all similar to the one at bar. Here there apparently has been a reasonable effort to confine such establishments to the business and semi-business districts of the city, although all of such property is not within the zone wherein they are established. As was said in a similar case involving the establishment of a brick-yard (*Ex parte Hadacheck, supra*): "The petitioner avers, too, that in other districts of the city there are brick-yards, which are quite as injurious to their neighbors as is the petitioner's establishment, and that the council has not prohibited the maintenance of such yards in these other districts. But this presents a question which is peculiarly for the determination of the legislative body. (*Ex parte Quong Wo,* 161 Cal. 220, [118 Pac. 714].) Granted that there are reasons justifying the prohibition of the business within the area described in the ordinance, the city council, and not this court, is the body charged with the duty of deciding whether the conditions in other parts of the city require like prohibition." We may assume the truth of the evidence offered by petitioner, that there are places outside of zone No. 1 equally adapted to the establishment of undertaking parlors, but it does not follow that this court should interfere with the discretion of the city council in fixing the boundaries of districts in a city whose population is increasing as rapidly, and whose business and residence districts are changing so constantly, as in the city of Los Angeles. We think that the proper delimitation of the zone in which undertaking parlors may be established has not been violated by so arbitrary and unreasonable exercise' of legislative authority as to justify the interposition of this court.

It is also contended that the ordinance is unreasonable because the prohibited zones constitute a very small part of the semi-business and semi-residence district. But, as we have already seen, that question is addressed to the legis-

lative body of the city, and we cannot say that the mere omission of similar districts from the permitted zone is unreasonable under all the circumstances.

Judgment affirmed.

Lennon, J., Lawlor, J., and Sloane, J., concurred.

ANGELLOTTI, C. J., Concurring.—I concur. To my mind a very different case would be presented if petitioner were seeking to maintain an undertaking establishment in a different section of the city near one of the smaller permissive "one-lot" zones, and in a place between which and such permissive zone there was no material difference. He might then well complain that the ordinance illegally discriminated against him. But such is not his situation, as is fully shown by the opinion of Justice Wilbur.

Shaw, J., and Olney, J., concurred.

Rehearing denied.

All the Justices, except Shaw, J., concurred.