*336
 
 Opinion
 

 FILES, P. J.
 

 This appeal was transferred to this court under rules 62-69, California Rules of Court, to settle an important issue of law, that is, whether a Los Angeles Municipal Code section relating to the sale of merchandise in public parks is constitutional.
 

 Defendant was convicted of offering to sell three football tickets upon the premises of the Los Angeles Memorial Coliseum, in violation of Los Angeles Municipal Code section 63.51, subdivision (k), which reads as follows:
 

 “Within the limits of any public park or recreational facility in the City of Los Angeles under the control, operation or management of the Board of Recreation and Park Commissioners, the Los Angeles County Department of Parks and Recreation or the Los Angeles Memorial Coliseum Commission, no person shall:
 

 “(k) Sell or offer for sale any merchandise, article or thing of any kind or nature whatsoever unless such person possesses a written consent of said board, department or commission.”
 

 The evidence showed that defendant was a student who had come to the Coliseum to see a professional football game, and brought with him three extra tickets belonging to his father who had decided not to use them. Defendant was offering them for sale at face value, and he had no permission from the Coliseum commission. Warning signs were posted in the vicinity stating that resale of tickets was illegal. A notice on the back of the ticket referred to Los Angeles Municipal Code section 42.03 which prohibits a sale of tickets within a public park except from a building or ticket booth.
 

 No question is raised as to the sufficiency of the evidence to support the conviction.
 

 Before discussing the issues argued on this appeal it is useful to place the challenged ordinance in context in the system of municipal government. Section 63.51 is headed “park regulations” and lists a number of activities which are forbidden in parks and recreation facilities within the city. Subdivision (k) does not itself attempt to define the limits of sales
 
 *337
 
 activity within a park. Rather, it is a penal ordinance providing a sanction against sales activities which are not authorized by the board which is entrusted with the management of the park.
 

 The Los Angeles City Charter, in sections 170 and 171, places the management of city parks in the control of the department of recreation and parks, headed by a board of recreation and parks commissioners. These charter sections define the powers of the department and the limitations upon its power to allow the use of city parks for other than recreational purposes.
 

 The Los Angeles Memorial Coliseum, though within the City of Los Angeles, is under the management of the Los Angeles Memorial Coliseum Commission, which was created by a joint powers agreement of the City of Los Angeles, the County of Los Angeles and the Sixth Agricultural Association under title 1, division 7, chapter 5 (commencing with § 6500) of the Government Code. We take judicial notice of that joint powers agreement.
 

 That agreement creates a Coliseum commission as an entity which is for some purposes separate from the parties to the agreement. (Gov. Code, § 6507.) The commission is given the power, duty and authority to manage, operate and control the Coliseum and other premises placed under its jurisdiction by the parties to the agreement. The agreement empowers the commission to lease, license, use or permit the use of the Coliseum for competitive sports and other recreational activities for the public benefit.
 
 [1]
 

 
 *338
 
 This statement of powers provides the standards by which the commission must select the individuals and groups who will be authorized to transact business on the Coliseum premises. A prohibitory ordinance such as Municipal Code section 63.51 serves the purpose of protecting the Coliseum, its licensees and the public from an invasion by unauthorized vendors and others whose use of the premises would be incompatible with the normal function of a park.
 

 Defendant is doubtless correct in his assumption that the prohibition of unauthorized sales on Coliseum grounds amounts to an absolute prohibition as to him. The People do not contend there is any procedure in existence whereby a holder of three extra tickets may obtain a license to sell them at the Coliseum entrance. But it does not follow that the limitation upon the use of Coliseum grounds for business purposes is unconstitutional as applied to him.
 

 Defendant’s conduct, attempting to sell three surplus tickets, seems harmless enough when viewed in isolation. But the city council, in enacting the ordinance, was entitled to view a larger problem. The Coliseum and its surrounding land is maintained for the use of the general public for recreation and amusement. The unregulated use of that area by peddlers of tickets or other property would add to congestion, annoyance and inconvenience in areas where crowds must be moved rapidly and safely. Persons with tickets for sale may be expected to intrude themselves along the most heavily travelled pathways, audibly or visually demanding the attention of the tens of thousands who approach the Coliseum gates within a short period of time. An ordinance which attempted to distinguish between the casual vendor and the commercial operator might well be ineffective due to the practical problems of identification. Rather than to subject the Coliseum’s visitors to a gauntlet of ambulant vendors, the city council could reasonably conclude that all sales should be prohibited except those by licensed concessionaires, whose places of operation and business methods are subject to the commissioners’ control.
 
 [2]
 

 
 *339
 
 The power of the city to protect its parks against unauthorized commercial use must be distinguished from the use of the police power to regulate either the conduct of business on private property, (see, e.g.,
 
 Sunset Amusement Co.
 
 v.
 
 Board of Police Commissioners
 
 (1972) 7 Cal.3d 64 [101 Cal.Rptr. 768, 496 P.2d 840]) or to regulate the exercise of constitutionally protected free speech. Defendant does not contend that his tickets have any content protected by the First
 
 [3]
 
 but he asserts that his speech, offering tickets for sale, is constitutionally protected. The cases upon which he relies do not support him.
 

 Va. Pharmacy Bd.
 
 v.
 
 Va. Consumer Council
 
 (1976) 425 U.S. 748 [48 L.Ed.2d 346, 96 S.Ct. 1817] held unconstitutional a statute prohibiting pharmacists from advertising prices. The Supreme Court declared that speech which does' no more than propose a commercial transaction may nevertheless have constitutional protection, but that it may be subject to reasonable regulations as to time, place and manner. The Virginia statute was objectionable as prohibiting absolutely the publication of information which would serve the public interest.
 

 In the case here, the conduct which the statute seeks to eliminate is the intrusion of the seller, and his effect upon the safety, comfort and enjoyment of the crowds of people streaming into the Coliseum. The purpose and effect of the ordinance is not to censor or suppress the content of the seller’s message, which may lawfully be communicated elsewhere. The limitation upon the use of the park for sales solicitation is, under the circumstances, a reasonable place limitation based upon a significant governmental interest.
 

 
 *340
 

 McKay Jewelers, Inc.
 
 v.
 
 Bowron
 
 (1942) 19 Cal.2d 595 [122 P.2d 543, 139 A.L.R. 1188] also deals with a factually distinguishable situation. The issue was the constitutionality of an ordinance prohibiting solicitation from any doorway opening onto a public sidewalk. The case came up upon a demurrer to a complaint, the allegations of which were thus deemed to be true. Those allegations were that plaintiffs operated retail stores, that they engaged in the practice of speaking to passers-by who paused to inspect merchandise on display in the windows, that all soliciting was done in a quiet and dignified manner, and that at no time did the plaintiffs’ employees step off their private premises to engage in such conversations. The Supreme Court held that that complaint stated a cause of action for an injunction prohibiting the city from interfering with the alleged conduct. Of particular interest here is the language of the Supreme Court distinguishing between public and private property as a place of business. The court said (at p. 603): “Respondents also cite and rely on the cases of
 
 Williams
 
 v.
 
 Arkansas,
 
 217 U.S. 79 [30 S.Ct. 493, 54 L.Ed. 673, 18 Ann.Cas. 865] and
 
 In re Barmore,
 
 174 Cal. 286 [163 Pac. 50]. The Williams case upheld legislation prohibiting drummers from soliciting business on trains. The Barmore case upheld an ordinance prohibiting the solicitation of business for the transportation of persons or baggage in depots. This brief reference to those cases is sufficient to distinguish them from the situation now under consideration. Travelers would have no alternative but to face and endure the persistent solicitation on trains or in depots, and legislation prohibiting such activity is undoubtedly of great benefit to the peace and convenience of the traveling public. On the other hand, in the instant case, if a person does not desire to listen to the importunities of appellants, he need only pass on, as appellants confine their activities to their own private properties.”
 

 What has been said above answers defendant’s contention that the ordinance interferes with his right to dispose of personal property. He may dispose of it, but he is not entitled to use the Coliseum for that purpose.
 

 The same reasoning also refutes defendant’s contention that the city ordinance is preempted by Penal Code section 346, which prohibits ticket scalping. The subject and purpose of the city ordinance is not to regulate ticket sales as such, but to limit business activities on public property dedicated to recreational use. The use of a city park is a. municipal affair (see
 
 Simons
 
 v.
 
 City of Los Angeles
 
 (1976) 63 Cal.App.3d
 
 *341
 
 455, 468 [133 Cal.Rptr. 721]) and the city’s park regulations are not preempted by section 346.
 

 The judgment is affirmed.
 

 Kingsley, J., and Dunn, J., concurred.
 

 A petition for a rehearing was denied November 7, 1977, and appellant’s petition for a hearing by the Supreme Court was denied December 15, 1977. Bird, C. J., Mosk, J., and Richardson, J., were of the opinion that the petition should be granted.
 

 [1]
 

 Paragraph 12 of the joint powers agreement provides: “The Commission shall have power and authority, and it shall be its duty with respect to the Coliseum, proposed sports arena, pavilion, stadium or other facility now existing or hereafter brought within the jurisdiction of the Commission: ... (f) To lease, license, rent,.use, or permit the use of any such facility, for competitive sports, athletics, games, pageants, parades, plays, celebrations, patriotic gatherings, public recreation, motion picture production, or public gatherings, or such other events as are deemed appropriate, or for Municipal, County or District affairs, and particularly to develop and promote a wider use of the Coliseum, sports arena, pavilion, stadium or other facility, through the presentation of festivals, pageants, games, exhibits, industrial, horticultural or agricultural shows, conventions, exhibitions and productions of a local, regional, national or international character, primarily to the end that the citizens and public generally may enjoy and receive the greatest benefit possible from the Coliseum, sports arena, pavilion or stadium or other facility, and the City, the County and the District may more effectively exploit their climatic, geographical, recreational, cultural, and commercial resources and advantages; >>
 

 [2]
 

 In
 
 People
 
 v.
 
 Van Wong
 
 (1958) 165 Cal.App.2d Supp. 821 [332 P.2d 872] the Appellate Department of the Los Angeles Superior Court held unconstitutional a former version of Municipal Code section 42.03, which forbade selling tickets upon a street or park within 250 feet of the Coliseum. The opinion of that court stated at page 824: “It seems patently discriminatory to hold that sales may be made at a ticket booth on the public grounds, but cannot be made in a single instance from a citizen’s pocket. The former will give rise to the accumulation of crowds, the impedance of passage; the latter would do neither. Peanuts, popcorn, chewing gum, programs, or newspapers could be sold but a ticket cannot. This clearly is the type of discrimination which invalidates an ordinance, whose
 
 *339
 
 restrictions must have a reasonable and nondiscriminatory relationship to the public’s right of user of streets and public grounds, and where the classification is not based on any inherent differences relating thereto.” The quoted passage reflects judicial fact-finding on the subjects of park management and crowd control. Insofar as
 
 Van Wong
 
 is based upon the distinction between selling tickets and selling peanuts, it is inapposite, since the ordinance involved here applies to both. Despite the view of the
 
 Van Wong
 
 court, we do not regard it as unreasonable or improper for the Coliseum commission and the Los Angeles City Council to determine that the Coliseum grounds should not be made available to casual sellers of tickets or other items.
 

 [3]
 

 We need not decide whether section 63.51, prohibiting sales of merchandise, could be construed to cover sales of newspapers or other printed media of communication. (See
 
 Welton
 
 v.
 
 City of Los Angeles
 
 (1976) 18 Cal.3d 497, 506 [134 Cal.Rptr. 668, 556 P.2d 1119].) As to that we express no opinion.