[L. A. No. 486. Department Two.—November 11, 1899.]

## COUNTY OF LOS ANGELES, Appellant, v. W. D. SPENCER et al., Respondents.

ACT TO PROTECT HORTICULTURE—TITLE.—Every provision of the act of 1881, page 88, entitled "An act to protect and promote the horticultural interests of the state," and of the acts amendatory thereof, is germane to the subject matter expressed in its title, and is properly embraced therein.

ID.—HORTICULTURAL COMMISSIONERS—POWER TO DETERMINE NUISANCE—JUDICIAL POWER—POLICE POWER.—The power given by such act to the horticultural commissioners to determine whether any particular place is a nuisance and to abate the same is not a judicial power, within the meaning of the inhibition of article III of the constitution; and the act is a proper exercise of the police power within the meaning of section 1 of article XIX of the constitution.

ID.—PUBLIC NUISANCES—INFECTED PLACES—INSECT PESTS.—The legislature has the power to declare that to be a nuisance which is such in fact, and the places declared by such act to be public nuisances, to wit: "All places, orchards, nurseries," et cetera, infected with "scale insects, or codlin moth, or other pests injurious to fruit plants," et cetera, are clearly such within the definition of that term as used in sections 3479 and 3480 of the Civil Code.

ID.—LIEN FOR ABATING NUISANCE.—The lien given by the statute upon the premises from which such nuisance has been abated, for the expenses of abating it, is not for a delinquent tax, but for an indebtedness due the county, and its enforcement in the way prescribed by the statute is not unconstitutional.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion.

J. A. Donnell, and William P. James, for Appellant.

Tanner & Taft, and Gardiner, Harris & Rodman, for Respondents.

GRAY, C.—The plaintiff appeals from a judgment following an order sustaining a demurrer to an amended complaint without leave to further amend.

The amended complaint purports to set out a cause of action to foreclose a lien for the expense of abating an insect pest nuisance in defendants' orchard. This lien is claimed to exist by virtue of an act entitled, "An act to protect and promote the horticultural interest of the state," and acts amendatory thereof and additional thereto. The act in question may be found in the Statutes of 1881, page 88, and the amendments and additions thereto in the Statutes of 1889, page 413, and the Statutes of 1891, pages 260 and 268. In sustaining the demurrer without leave to amend, the learned judge of the court below filed an opinion, in which the principal reason assigned for the action of the court is that the act in question is unconstitutional, and this, also, is the main reason urged on this appeal in support of the judgment. It is said, first, that the act embraces more than one subject grouped under one title. The act as amended provides for the appointment, by the board of supervisors of any county in the state to whom the required petition is presented, of a horticultural commission of not exceeding three members. It also prescribes the length of the terms of office of said commissioners and the manner of filling vacancies therein. It then defines the duties and powers of the board of horticultural commissioners, fixes their compensation, and provides for their removal. It makes the expense of removing or abating an insect pest nuisance from any property infested thereby a lien upon the property or premises from which such nuisance has been abated. All the duties and powers conferred upon said board appertain to the abating of those insect pest nuisances which interfere with the business of horticulture.

From this brief summary it will be readily seen that every

provision of the act points directly to the protection and promotion of the horticultural interests of the state, and hence all said provisions relate to but one subject and may be properly grouped in one act under the very appropriate title of "An act to protect and promote the horticultural interests of the state." This view seems to be supported by the following cases and the cases therein cited: *Ex parte Liddell*, 93 Cal. 633; *Abeel v. Clark*, 84 Cal. 226.

It is urged that the act in question is unconstitutional and invalid because it confers judicial powers upon the horticultural commissioners, contrary to article III of the state constitution; but we do not think that this contention can be maintained. This provision of the constitution must be understood as construed by judicial decisions, and with reference to the subject of police power. The act itself defines the nuisances to which it relates and declares that "all places, orchards, nurseries," et cetera, infected with "scale insects, or codlin moth, or other pests injurious to fruit, plants," et cetera, are public nuisances. In determining whether any particular place is a nuisance, the commissioner, no doubt, exercises some discretion which, in a strict sense, is in its nature judicial; but the executing of a police regulation quite often calls into action that kind of discretion. And yet the acts of a commissioner involved in this case are no more judicial than the acts of officers under many other laws and ordinances which have been held valid. Ordinances prohibiting the erection of wooden buildings within fire limits except upon the order of fire commissioners; giving viticultural commissioners power to prohibit the importation of diseased vines; prohibiting the carrying on of a public laundry without a certificate of the health officer and of the board of fire wardens; prohibiting retail liquor business without permission of the board of police commissioners; giving to the superintendent of public streets the power to determine where, either on a public street or on private premises, any rubbish should be deposited; forbidding orations, harangues, et cetera, in a park without consent of the park commissioners, or upon other grounds except by permission of the city government committee; beating drums, et cetera, without permission of the president of the village; prohibiting manufacturers

and others from ringing bells, et cetera, except at such times as the board of aldermen may designate; authorizing harbor masters to station vessels and to assign each its place; forbidding the keeping of swine without a permit from the board of health; and giving to boards of health, quarantine officers, and milk inspectors discretion as to the exercise of police powers— all such laws and ordinances have been judicially held to be valid, although they confer the same power upon designated public officers as is given by the act here in question to the commissioners. (*Ex parte Ah Fook*, 49 Cal. 402; *In re Flaherty*, 105 Cal. 558, and cases there cited; *Ex parte Fiske*, 72 Cal. 125; *Bittenhaus v. Johnston*, 92 Wis. 588; *Train v. Boston Disinfecting Co.*, 144 Mass. 523; 59 Am. Rep. 113; *Newton v. Joyce*, 166 Mass. 83.) The efficiency of many police regulations depends upon their prompt and summary execution; and therefore, from necessity, certain discretion must be given to the officers who are to make the regulations effective. In *Ex parte Ah Fook, supra,* this court said: "It is obvious that to render effectual an inquiry which has for its purpose the carrying into operation of quarantine or health laws it must be prompt and summary, and we are not aware that any reasonable provisions of the statute clothing such officers or boards with enlarged powers often exercised by them, have ever been held unconstitutional." In the case at bar, the acts of the commissioner are not clothed with that sanctity and protection which accompanies the judicial acts of courts and judges, and the commissioner would be liable officially and personally for wrongful acts done under the color of his office. And then, again, the lien in question here could not be enforced until after a judicial investigation and determination by a court.

Beyond any question the legislature has the power to declare that to be a nuisance which is such in fact, and we think it safe to assert that everything declared to be a public nuisance in the act in question comes clearly within the meaning of that term as defined in the Civil Code, sections 3479 and 3480.

It is known that the existence of the fruit industry in the state depends upon the suppression and destruction of the pests mentioned in the statute. The act in question is, therefore, a proper exercise of the police power which the legislature has,

under section 1 of article XIX of the constitution, to subject private property to such reasonable restraints and burdens as will secure and maintain the general welfare and prosperity of the state. (*Abeel v. Clark, supra; Train v. Boston Disinfecting Co., supra.*) In this connection, it may be well to observe that the statute does not authorize any injury to or destruction of property, but, on the contrary, its provisions are beneficial to the very property upon which it operates.

The lien given by the statute is not for a delinquent tax, but for an indebtedness due the county, and the enforcement of it in the way prescribed by the statute is not obnoxious to any constitutional inhibition.

The case of *Boorman v. Santa Barbara,* 65 Cal. 313, and the other California cases cited by respondent to show that private property cannot be subject to burdens without due process of law are sound in principle, but as to the matter of notice the statute here under consideration is not like any of the statutes in those cases. The subject of those statutes, street improvement, does not naturally call for such prompt and immediate action as might be necessary in the abatement of a contagious nuisance like that treated of in the statute here in question. (*Surocco v. Geary,* 3 Cal. 69; 58 Am. Dec. 385.)

We discover no conflict with any constitutional provision in the act under consideration as finally amended in 1891.

For the foregoing reasons we advise that the judgment be reversed and the cause remanded.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.