[L. A. No. 880.    Department Two. — July 5, 1901.]

## COUNTY OF RIVERSIDE, Appellant, v. ARTHUR BUTCHER, Respondent.

HORTICULTURAL ACT — LIEN FOR DESTROYING INSECTS — CONSTITUTIONAL LAW. — The act of March 3, 1897, entitled " An act to promote the horticultural interests of the state, by providing county boards of horticulture," etc. (Stats. 1897, p. 244), and giving a lien on the land of the owner for destroying certain scale and other insects found upon his trees, is constitutional.

ID. — PLEADING — NOTICE TO DESTROY INSECTS — AGENCY FOR OWNER. — The complaint in an action to enforce the lien given by such statute, which alleges that the board caused a notice to be served upon a designated person, "in charge of and in possession of said premises and orchard for the defendant, as his agent, requiring said defendant and agent to eradicate or destroy the said scale and insects so found upon said trees, within ten days after the service of said notice," shows a sufficient service of the notice, and that the person served was the person in charge of and in possession of the premises, within the meaning of said act.

ID. — WHEN RIGHT TO LIEN ACCRUES. — The right of the county to a lien for the expense incurred by the board of commissioners in de-

stroying the scale accrues to it at the time it pays the amount, and not at the time the labor of destroying is performed; and the county has thirty days after such payment in which to file its notice of lien.

ID. — NOTICE OF LIEN — SURPLUSAGE. — The notice of lien, signed and verified by the members of the board of commissioners, stating that the county claimed a lien for the amount of the expense, and containing a description of the premises, the name of the owner, the amount claimed, that it is for labor bestowed and materials furnished in eradicating the insects upon the orchard of the defendant, is sufficient, and is not vitiated by the fact that it also states that the county claimed the benefit of the law relative to liens of mechanics and others upon real property.

ID. — PRAYER FOR PERSONAL JUDGMENT. — The complaint to enforce such lien is not affected by the fact that it also prays for a personal judgment against the defendant.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion.

Lyman Evans, for Appellant.

P. Ferguson, for Respondent.

COOPER, C. — The court below sustained a demurrer to plaintiff's complaint, without leave to amend, and this appeal is from the judgment, for the purpose of reviewing the order sustaining the demurrer.

The action was brought to foreclose a lien for money paid out by plaintiff for destroying certain scale and other insects found upon the trees in defendant's orchard, the lien being claimed under the provisions of the act of March 3, 1897, entitled "An act to promote the horticultural interests of the state, by providing county boards of horticulture," etc.   (Stats. 1897, p. 244.)

It is said by appellant that the court below sustained the demurrer upon the ground that the act was unconstitutional, and as the court denied the plaintiff leave to amend, it would seem that the contention is correct.   The point may be regarded as settled by this court in *County of Los Angeles* v. *Spencer*, 126 Cal. 670,[1] which case was decided a few days after the court made the order sustaining the demurrer in this case.

[1] 77 Am. St. Rep. 217.

We regard the reasoning of the court in that case as correct, and it is not necessary to further discuss the question. Other objections, however, are made to the complaint, which we will notice in the order presented. It is claimed that the complaint fails to show that proper notice was served upon defendant, requiring him to eradicate and destroy the scale prior to the expense incurred by plaintiff. The act provides, in speaking of the duties of the county board of horticultural commissioners: "They shall notify the owner or owners, or person or persons in charge or in possession, of the said places or orchards, . . . that the same are infested with said insects or other pests, . . . and they shall require such person or persons to eradicate or destroy the said insects, . . . within a certain time, to be specified. Said notices may be served upon the person or persons, or either of them, owning, or having charge, or having possession of such infested place, . . . by any commissioner, or by any person deputed by the said commissioners for that purpose, or they may be served in the same manner as a summons in a civil action."

The complaint alleges that the board "caused a notice to be served upon W. Miller, the person in charge of and in possession of said premises and orchard for the defendant, as his agent, requiring said defendant and agent to eradicate or destroy the said scale and insects so found upon said trees, within ten days after the service of said notice."

A copy of the notice is attached to the complaint as an exhibit, and the copy shows that the notice contained fully all matters required by the statute.

We think the allegation as to service of notice sufficient. It shows that the person served was the person in charge of and in possession of the premises. This is all that the statute requires. The allegation shows that the notice was served substantially as required by the statute.

It is further contended that the complaint fails to show that the notice of lien was filed within thirty days after the right of lien accrued. This contention is based upon the fact that the complaint shows that the labor of destroying the scale was done in the latter part of September, 1898, and that the notice of lien was not filed until January, 1899. The statute provides that the expense shall be a county charge, and the board of supervisors shall allow and pay the same out of the general fund of the county. "Any and all sums so paid shall be and

become a lien on the property. . . . A notice of such lien shall be filed and recorded in the office of the county recorder of the county in which the said property and premises are situated, within thirty days after the right to the lien has accrued."

The right to the lien accrued to the county at the time it paid the amount. It then became a lien upon the property, and not till then. After the lien so accrued, the county had thirty days in which to file its notice. It is alleged that the county paid the amount, December 9, 1898, and that it filed the lien, January 7, 1899. This was within thirty days after the right to the lien accrued.

The notice of lien was sufficient when signed and verified by the members of the board of commissioners, stating that the county claimed a lien for the amount of expense. It contains a description of the premises, the name of the owner, the amount claimed; that it is for labor bestowed and materials furnished in eradicating the insects upon the orchard of defendant. This was all that was required by the statute. In fact, the statute is entirely silent as to the form, contents, or requisites of the notice. It simply says, a "notice of such lien shall be filed and recorded." The complaint shows that the notice was filed and recorded. The fact that the notice stated that the plaintiff claimed the benefit of the law relative to liens of mechanics and others upon real property did not vitiate it. This part of the notice may be regarded as surplusage. The same may be said of the prayer for a personal judgment. The prayer is no part of the complaint, and in addition to the prayer for personal judgment, it asks that the amount may be declared a lien, and that the premises be sold to satisfy such lien.

We recommend that the judgment be reversed and the cause remanded, with directions to the lower court to overrule the demurrer and allow defendant a reasonable time to answer.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the lower court to overrule the demurrer and allow defendant a reasonable time to answer.

Henshaw, J., McFarland, J., Temple, J.