[Sac. No. 4778. In Bank.—August 8, 1933.]

C. I. GRAHAM, Appellant, v. H. M. KINGWELL, as Agricultural Commissioner, etc., et al., Respondents.

C. I. Graham, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, Jess Hession, Deputy Attorney-General and Ralph W. Rutledge, District Attorney, for Respondents.

WASTE, C. J.—Alleging that the California Apiary Inspection Act (Stats. 1927, p. 1724, as amended, now part of Agricultural Code, Stats. 1933, chap. 25), is unconstitutional, plaintiff brought this action to enjoin the defendants, in their official capacities, from enforcing its provisions. The defendants demurred both generally and specially. Plaintiff appeals from an order and judgment sustaining the general demurrer without leave to amend and dismissing the action.

On this appeal plaintiff urges that the act in question does not constitute a proper exercise of the police power and that it contravenes the fourteenth amendment to the federal Constitution. The point is not well taken. ▆ In the exercise of its police power the state may prescribe regulations tending to promote the public health, safety, morals and welfare of the people. It may also legislate so as to increase the industries of the state, develop its resources and promote its welfare and prosperity. (*People* v. *Associated Oil Co.*, 211 Cal. 93, 99 [249 Pac. 717].) In its inception "the police power was closely concerned with the preservation of the public peace, safety, morals, and health, without specific regard for 'the general welfare'. The increasing complexity of our civilization and institutions later gave rise to cases wherein the promotion of the public welfare was held by the courts to be a legitimate object for the exercise of the police power. As our civic life has developed so has the definition of 'public welfare' until it has been held to embrace regulations 'to promote the economic welfare, public convenience and general prosperity of the community.'" (*Miller* v. *Board of Public Works*, 195 Cal. 477 [234 Pac. 381, 383, 38 A. L. R. 1479].)

▆ Whether it is reasonably necessary, in the interest of health, safety or welfare of the people, to invade property rights, is primarily a question for the legislative department of the government and its determination, if reasonably exercised, is conclusive upon the courts. (*Hornblower* v. *Masonic Cem. Assn.*, 191 Cal. 83, 91 [214 Pac. 978].)

■ As stated in its title, the act here under consideration was enacted "to promote the agricultural interests" of the state and "to prevent the introduction and spread of [bee] diseases". Examination of its provisions indicates that they reasonably tend to the accomplishment of this purpose. In order to prevent the transmission of bee diseases from one location to another, provision is made in section 6 of the act for inspection of apiaries by the county inspector, for notice to the owner to eradicate disease, if found, and for the eradication of American foulbrood by burning. This same section also declares all diseased apiaries to be public nuisances, makes provision for their abatement by the county inspector in the event the owner, after notice, fails to abate them, reserving to the owner a right to appeal the field inspector's diagnosis. These and other provisions of the act reasonably tend to promote the bee industry by lessening, if not precluding, the transmission of bee diseases, thereby adding to the welfare and prosperity of the state.

■ This being so, there is no merit in plaintiff's contention that because the bee diseases which the act aims to eradicate are not such as are harmful to human beings, the act cannot be justified under the police power. As already indicated, the act tends to promote the public welfare and therefore constitutes a proper exercise of that power.

■ The act does no violence to the fourteenth amendment to the federal Constitution for it is elementary that where the exercise of the police power is applicable, the provision of the Constitution declaring that property shall not be taken without due process of law is inapplicable. (*Ex parte Elam,* 6 Cal. App. 233, 237 [91 Pac. 811].) See, also, *In re Gilstrap,* 171 Cal. 108, 113 [152 Pac. 42, Ann. Cas. 1917A, 1086].

Other statutes, analogous in principle and similar in purpose, to the one here under review, which have been declared to constitute a proper exercise of the police power, are: An act providing for the abatement as public nuisances of orchards and nurseries infected with insect pests (*County of Los Angeles* v. *Spencer,* 126 Cal. 670 [59 Pac. 202, 203, 77 Am. St. Rep. 217]); an act providing for the destruction of cedar trees infected with cedar rust (*Miller* v. *Schoene,* 276 U. S. 272 [48 Sup. Ct. 246, 72 L. Ed. 568]); an act providing for the destruction of diseased fruit-trees (*Car-*

*stens* v. *De Sellem*, 82 Wash. 643 [144 Pac. 934]); an act declaring certain trees when diseased with "yellows" to be public nuisances and providing for their destruction without compensation (*State* v. *Main*, 69 Conn. 123 [37 Atl. 80, 61 Am. St. Rep. 30, 36 L. R. A. 623]).

In *County of Los Angeles* v. *Spencer, supra*, the following appears: "It is known that the existence of the fruit industry in the state depends upon the suppression and destruction of the pests mentioned in the statute. The act in question is, therefore, a proper exercise of the police power which the legislature has, under section 1 of article XIX of the Constitution, to subject private property to such reasonable restraints and burdens as will secure and maintain the general welfare and prosperity of the state." (See, also, *County of Contra Costa* v. *Cowell Portland Cement Co.*, 126 Cal. App. 267 [14 Pac. (2d) 606].)

We perceive no excess of authority in those provisions of the act under consideration which have to do with the prompt and summary eradication of disease in apiaries. The efficiency of many police regulations depends upon their prompt and summary execution. From necessity, certain discretion must be given to the officers who are to make the regulations effective. (*County of Los Angeles* v. *Spencer, supra*.) As already indicated, the right to appeal the inspector's diagnosis to the director of agriculture is reserved to the owner by section 6 of the act, and, as indicated in the last above-cited case, "the acts of the commissioner are not clothed with that sanctity and protection which accompanies the judicial acts of courts and judges, and the commissioner would be liable officially and personally for wrongful acts done under the color of his office".

The judgment appealed from is affirmed.

Preston, J., Langdon, J., Curtis, J., Thompson, J., Seawell, J., and Shenk, J., concurred.