86 So.2d 442 (1956)
CITY OF MIAMI BEACH, Appellant,
v.
Anna WIESEN, Appellee.
Harry L. HANSLEY and Jacob Cohn, Appellants,
v.
CITY OF MIAMI BEACH, Appellee.
Supreme Court of Florida. En Banc.
March 14, 1956.
Rehearing Denied April 20, 1956.
*443 Ben Shepard, Miami, and Joseph Wanick, Miami Beach, for appellant and appellee City of Miami Beach.
Anderson, Scott, McCarthy & Preston, Robert H. Anderson and George F. Gilleland, Miami, for appellee Anna Wiesen and Harry L. Hansley and Jacob Cohn, appellants.
DREW, Chief Justice.
The property involved in this zoning litigation consists of three lots located facing Collins Avenue at the northwest corner of Collins Avenue and 75th Street in the City of Miami Beach, Florida. It is bounded on the south by 75th Street, having a width of approximately sixty feet; on the east by Collins Avenue; on the north by 76th Street and on the west by a line in the approximate center of the block.
Prior to the commencement of the litigation, the subject lands were zoned "RD" (single-family residence). The property lying across 75th Street and for a great distance south thereof on both sides of Collins Avenue is classified under the zoning ordinances as "BA" (business). The land lying adjacent to and immediately west of the subject property is classified under the zoning ordinances as "RE" (hotels and apartments). The land immediately across 76th Street to the north and for many blocks is zoned "RD" (single-family residences). The land across Collins Avenue immediately to the east is zoned "RD" (single-family residences).
The amended complaint, on which the case was tried, sought a decree declaring that the subject property was not suitable *444 for residential purposes as then zoned but was suitable for business purposes only and that its classification under the zoning ordinances was unreasonable, arbitrary and confiscatory. In disposing of the original litigation, the lower court held the singlefamily residential zoning unreasonable and that such classification deprived the property owners of their property without due process and was unconstitutional and void. The decree enjoined the defendant City from enforcing such zoning regulation but held "that the court should not substitute its judgment for that of the local zoning authorities in the matter of placing the plaintiffs' porperty in a proper zoning classification and therefore the defendant City of Miami Beach is allowed thirty days from the date of this order to rezone the property hereinabove described and to put the same in classifications for which it is suitable and would not deprive the plaintiffs of their legal rights." The court retained jurisdiction for the entry of such other and further orders as may become necessary or expedient.
Certiorari was taken to this court to review the foregoing decree but was denied without opinion. See City of Miami Beach v. Wiesen, Fla., 73 So.2d 713.
Shortly after certiorari was denied in this Court, the City Council of the City of Miami Beach met and rezoned the subject property from "RD" (single-family residences) to "RE" (hotels and apartments) and on April 14, 1954 filed in this cause "certificate of compliance" to which was attached a copy of the ordinance rezoning said property. Thereafter the landowners filed a "supplemental petition for declaratory decree" in the same cause alleging that such new classification was "unreasonable, arbitrary and confiscatory and deprives the plaintiffs of their property without due process of law" and prayed that such ordinance be held unreasonable, arbitrary and confiscatory, that a mandatory injunction be issued directing the defendant City to change the zoning on the subject property from "RE" to business and enjoining the defendant City from interfering with the landowners in the use of their property for business purposes. The cause was thereafter submitted to the lower court on stipulation of the parties that neither side would offer any additional evidence and that a final decree could be entered on the supplemental bill and the evidence theretofore adduced and upon which the original decree was based. The court then entered a final decree in which it enjoined the City from enforcing the provisions of the amendatory ordinance changing the zoning to "RE" and directing the Council to rezone the south two lots of the subject property for business purposes leaving the north lot in "RE" classification. This decree is now before us for consideration.
In City of Miami Beach v. Silver, Fla. 1953, 67 So.2d 646, 647, we held that "When a city council, after being duly authorized by legislative grant, enacts a comprehensive zoning code, the ordinance is presumptively valid." We further said in that case that "One who assails such legislation must carry the burden of both alleging and proving that the municipal enactment is invalid * * *" and that "the burden of one who attacks such an ordinance has been called an extraordinary one." These principles of the law of zoning are fundamental.
It has long been a firmly established principle of zoning that the courts do not have the right nor the authority to substitute their judgment for that of the municipal legislative body which possesses the power and is charged with the duty of enacting zoning legislation where the question is fairly debatable. In City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148, we discussed at length the "fairly debatable" rule and there held, as we had in cases before that and in many cases thereafter, that if the particular regulation being considered by the court is a fairly debatable one, the action of the municipal authorities in passing it should be upheld.
Prior to the commencement of this litigation in the lower court, 75th Street was *445 the dividing line between business and one family residential districts. The record shows that the City authorities selected this wide street, which did not extend all the way to the ocean, as the logical dividing line between districts. It is trite to observe that in zoning a city into various use districts there must be a dividing line somewhere. The selection of such a line involves the exercise of the legislative power and is a problem peculiarly within the power of the legislative body of a municipality. It involves a high degree of legislative discretion and an acute knowledge of existing conditions and circumstances. If the fairly debatable rule is a sound one, and we have so held, there is no situation in the field of zoning in which it is more applicable than that involving the decision of where the dividing line between use districts should be placed. Recognizing the fundamental premise that there must be a line somewhere, the courts should be highly respectful of the decision of the legislative body which, under the law, is vested with the power and charged with the duty of zoning. The courts should tread lightly in this field and then only where the actions of the City Council are so unreasonable and unjustified as to amount to confiscation of property. In Wilkins v. City of San Bernardino, Cal. App., 162 P.2d 711, 714, the court said:
"It is also established that drawing the boundary lines of the zones must of necessity be more or less arbitrary for in the nature of things there cannot be much difference between property on one side of an imaginary line and that on the other. Brown v. City of Los Angeles, 183 Cal. 783, 192 P. 716; Zahn v. Board of Public Works, supra [195 Cal. 497, 234 P. 388]. Increasing or diminishing the value of property by restricting its use under a valid zoning ordinance does not render the ordinance void as it is one of the incidents which may follow the valid exercise of the police power which permits property to be taken or damaged for public use under that power, when properly exercised, without compensation to the owner, Patrick v. Riley, 209 Cal. 350, 287 P. 455; Graham v. Kingwell, 218 Cal. 658, 24 P.2d 488; Coelho v. Truckell, 9 Cal. App.2d 47, 48 P.2d 697. This is one of the penalties, or benefits, depending on the point of view, incident to the privilege of living under the conditions of modern society where some of the personal and property rights that may be enjoyed by an isolated person must be surrendered to and circumscribed by the welfare of the larger group."
See also the lengthy discussion of this subject in Chapter 9 of Volume 1 of The Law of Zoning and Planning, 3rd Edition by Rathkopf. Also paragraph 55, Zoning Law and Practice by E.C. Yokley.
The lower court in its original decree recognized that it should not substitute its judgment for that of the local zoning authorities and very properly directed such authorities to make a suitable classification of the subject property. After the legislative body had exercised its judgment on this highly debatable subject and had reclassified the subject property so as to allow hotels and apartments and had certified such action to the court, the amendment was entitled to be judged by the same rules as the ordinance originally attacked. The effect of the court's decree appealed from was to substitute its judgment for that of the legislative council on a subject which the record abundantly establishes was, to say the least, highly debatable.
The evidence offered at the original hearing was directed to the question of whether the subject property should be zoned for one-family residences or business. None the evidence related to the question of the suitability of the land for hotels and apartments. The only reference to that particular question in the testimony is that of a witness for the defendant who testified that it was his opinion that the highest and best use of such property would be for multiplefamily dwellings. Another witness testified that in his opinion the highest and best use would be for "RDE" (four apartment units). Most of the testimony related to *446 traffic conditions, change in condition of the neighborhood and the small number of vacant lots that remained in the eight square miles of land which Miami Beach consisted of and the value of the land for single-family residential purposes. The substance of what the plaintiffs' witnesses said about the land was that it was not suitable for residential purposes and would be worth about twice as much for business purposes. The showing made is far short of that which is required to overcome the presumptive validity of the ordinance reclassifying the property for hotel and apartment purposes pursuant to the court's order.
Mr. Justice Thomas, speaking for the Court in the case of City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364, 366, said:
"At the juncture of these streets property which may be devoted to business abruptly ends and that which may be used for hotels and apartments as suddenly begins but there must be a line of demarcation between them somewhere. * * * The fact that his land is situated across the street from that on which commercial enterprises may be operated was not alone enough to support plaintiff's position that he should be given the same latitude in the use of his property. Were this the case it would be but a matter of time before alterations of the whole scheme by successively liberalizing the use of abutting property would result in disintegration and disappearance of the whole plan of zoning."
The foregoing observations are particularly pertinent to this situation. It is evident that if the subject property be rezoned to business, the property to the north and across the street would have to be treated similarly and on and on as to other property until by a process of "judicial erosion", the entire zoning plan would be destroyed. This situation illustrates more than any other the wisdom of the rule that courts should not substitute their judgment for that of the zoning authorities in matters of this kind.
The decree appealed from is reversed.
TERRELL, THOMAS, ROBERTS and THORNAL, JJ., and ALLEN, Associate Justice, concur.
HOBSON, J., not participating.