PEARSON, Judge.
The City of Miami Beach was defendant in an action by which the owners of certain real estate sought a decree to declare unlawful the zoning classification of the property. After an extensive trial the chancellor entered the final decree as follows :
“The Court has considered carefully the evidence submitted at the trial of the cause and the oral arguments of counsel.
“The plaintiffs have shown, by convincing and adequate proof, that the properties involved (described in the second paragraph of their complaint) are no longer suitable for residential purposes; that' the challenged zoning ordinances, by which the use of such properties is restricted to the construction and occupancy of single-family dwellings, is, as applied to such properties, unreasonable, arbitrary and confiscatory ; and that the enforcement' of such ordinance subjects the plaintiffs to a deprivation of their property rights without due process of law. The question of whether the properties are now suitable for residential purposes is not a ‘fairly debatable’ question. The evidence, in the court’s opinion, provides no reasonable answer to the question other than a negative one.
“The Court has been influenced and guided in its consideration of the issues involved in this litigation by the opinion and decision of the Supreme Court in City of Miami Beach v. Wiesen, 86 So.2d 442, in which the property directly across the street from the plaintiff’s properties was involved.
“Accordingly, the court declares and decrees that the challenged ordinance of the defendant city (ordinance numbered 289, as amended), as applied to the plaintiffs’ properties described in the second paragraph of their com *764 plaint, is unconstitutional and void; and the defendant city, as to such properties, is enjoined and restrained from enforcing such ordinance.
“The defendant city, however, is not precluded from enacting, effectuating and enforcing an appropriate ordinance by which the plaintiffs’ properties shall be placed in a proper zoning classification so as not to deprive the plaintiffs of their legal and constitutional rights. The court cannot legally substitute its judgment for that of the governing body of the defendant city in the determination of the appropriate zoning reclassification. The defendant city, therefore, is allowed thirty days from the entry of this decree to enact an appropriate ordinance by which such zoning reclassification shall be effected.
“No costs will be assessed or taxed against the defendant city.
“The court retains jurisdiction of the cause for the purpose of entering such other and further orders and decrees as shall be necessary to effectuate and enforce this decree.”
The city has appealed and urges that the evidence does not support the conclusion reached by the chancellor. A review of the record reveals substantial evidence to support the finding that, as applied to the particular property in question, the single family residence zoning deprives the plaintiffs of the reasonable use of their property. A review of all the evidence supporting this finding is not necessary. It may profitably be noted, however, that although the city urges that the line of demarcation must be drawn between the business uses which exist to the south of the property and the residential uses which exist to the north, it does not follow that the line is properly drawn at this point. The circumstances applicable to the property here under consideration render this particular parcel unsuited for single family residences. These circumstances do not by their nature occur at every boundary line between zoning districts.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.