143 So.2d 692 (1962)
VILLAGE OF VIRGINIA GARDENS, Florida, Gustaf Holmberg, Mayor; L. Edward Steiner, Ted K. Speidel, William E. Hardy, Earnest C. Penland and M.A. Reisert, As Councilmen and Members of the Board of Adjustment of Virginia Gardens, Florida, Appellants,
v.
William B. JOHNSON and Agnes J. Johnson, His Wife, Appellees.
No. 61-739.
District Court of Appeal of Florida. Third District.
August 7, 1962.
Rehearing Denied September 5, 1962.
Franks & Gordon, Miami, for appellants.
Anderson & Nadeau, Miami, for appellees.
Before HORTON, CARROLL and HENDRY, JJ.
HORTON, Judge.
Appellant Village seeks review of an adverse final decree declaring its zoning ordinance to be unconstitutional and void as bearing no relationship to the health, safety, morals or general welfare of the community as a whole.
The ordinance in question was enacted in 1953 and created a "restricted business district" within which a number of uses, including restaurants, would be permitted. Thereafter, the ordinance was amended by the deletion of restaurants from the list of permissive uses. Subsequently, the appellees acquired property within the district. After their request for a variance to construct a building intended for use as a restaurant was denied, appellees brought this action, seeking to have the subject ordinance declared unconstitutional and void. After hearing, the chancellor entered the order appealed.
Appellants contend the chancellor erred in that the evidence presented by the appellees was insufficient to overcome the presumption that the ordinance was constitutional. We find this contention has merit.
Where an attack is made on a zoning ordinance enacted by a city council upon authorization by legislative grant, the burden of alleging and proving invalidity rests upon the assailant. This burden is extraordinary and heavy. Gautier v. Town of Jupiter Island, Fla.App. 1962, 142 So.2d 321; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442; City of Miami Beach v. Silver, Fla. 1953, 67 So.2d 646.
We have examined the record and conclude that this burden was not sufficiently carried by the appellees in the case *693 at bar. At most, the record indicates that the validity of the ordinance under consideration is a fairly debatable question. When such is the case, a court does not have the right or authority to substitute its judgment for that of the municipal legislative body charged with the power and duty of enacting zoning legislation. Gautier v. Town of Jupiter Island, supra; City of Miami Beach v. Wiesen, supra; City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493; City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303.
It follows that the decree appealed should be, and is accordingly, reversed with directions to dismiss the complaint.
Reversed with directions.