SHANNON, Chief Judge.
Plaintiff below appeals from a dismissal with prejudice of its complaint in equity attacking the validity of a zoning ordinance of the City of Lakeland, and seeking to enjoin its enforcement.
The land in question is situated on the southeast corner of Clarendon Avenue and Crystal Lake Drive in the City of Lake-land. Clarendon Avenue is a quiet residential street, while Crystal Lake Drive is a feeder street carrying traffic to the Lake-land-Bartow Road, a four-lane highway handling heavy traffic. The realty on all but the east side of plaintiff’s land is zoned for single family residences and these areas are so developed. Plaintiff acquired the land in question in November, 1959, at which time the single family residence zoning applied to it. The price paid was $6,-800. Shortly thereafter, rezoning attempts by the plaintiff, first for unlimited commercial, then for limited commercial, were denied by the City Planning and Zoning Board and by the City Commission. This suit was thereafter commenced.
At the hearings, expert testimony was presented by both sides. Plaintiff’s appraisal experts put a $17,500 valuation on its land if zoned limited commercial, and a $6,000 valuation under the existing residential classification. The defendant-City’s appraisal expert was of the opinion that plaintiff’s realty was worth $8,000 as single family residential property. He further testified that although the value of the property would be greatly enhanced if it were zoned commercial, such usage would detract from adjoining residential property and in balance would be detrimental to the community as a whole. Numerous property owners and other expert witnesses likewise testified.
From the aerial photograph in the record, as well as from the testimony, it is seen that to the east of the property involved here, and on the south side of Crystal Lake Drive, there is a small shopping center containing five or six light retail establishments. Farther to the east and across a street is a well-landscaped, attractive branch office of a savings and loan association.
In the final decree from which this appeal is taken, the Chancellor stated, in part z
“The undisputed facts together with the conflicts in testimony the most that can be said for the plaintiff is that the action on the part of the City of Lake-land is fairly debatable. The Courts, should be highly respectful of the decision of the municipal body that is vested with the power and charged with the duty of the zoning. It is a legislative function and the Courts should interfere only when the ordinance conflicts with the constitutional safeguards, or if in their application in individual cases, they are unreasonable or arbitrary. The Court is of the opinion that in order to find for the plaintiff in this-case and to overrule the actions of the-legislative body of the City of Lake-land, the Court would have to substitute-its judgment for that of the City of Lakeland. This it will not do.”
Plaintiff-appellant contends that in view-of the physical location of its realty, the-zoning ordinance is arbitrary and unreasonable and deprives the owner of the-reasonable use of its land.
As we indicated above, the east side of' appellant’s land forms the boundary with a transitional commercial zone. Dividing-lines between use districts have to be placed at some point. The Supreme Court in City- *919 of Miami Beach v. Wiesen, Fla.1956, 86 So.2d 442, had this to say:
“ * * * It is trite to observe that in zoning a city into various use districts there must be a dividing line somewhere. The selection of such a line involves the exercise of the legislative power and is a problem peculiarly within the power of the legislative body of a municipality. It involves a high degree of legislative discretion and an acute knowledge of existing conditions and circumstances. If the fairly debatable rule is a sound one, and we have so held, there is no situation in the field of zoning in which it is more applicable than that involving the decision of where the dividing line between use districts should be placed. Recognizing the fundamental premise that there must be a line somewhere, the courts should be highly respectful of the decision of the legislative body which, under the law, is vested with the power and charged with the duty of zoning. The courts should tread lightly in this field and then only where the actions of the City Council are so unreasonable and unjustified as to amount to confiscation of property. In Wilkins v. City of San Bernardino, Cal.App., 162 P.2d 711, 714, the court said:
“ ‘It is also established that drawing the boundary lines of the zones must of necessity be more or less arbitrary for in the nature of things there cannot be much difference between property on one side of an imaginary line and that on the other. Brown v. City of Los Angeles, 183 Cal. 783, 192 P. 716; Zahn v. Board of Public Works, supra [195 Cal. 497, 234 P. 388], Increasing or diminishing the value of property by restricting its use under a valid zoning ordinance does not render the ordinance void as it is one of the in-cidénts which may follow the valid exercise of the police power which permits property to be taken or damaged for public use under that power, when properly exercised, without compensation to the owner, Patrick v. Riley, 209 Cal. 350, 287 P. 455; Graham v. King well, 218 Cal. 658, 24 P.2d 488; Coelho v. Trucked, 9 Cal.App.2d 47, 48 P.2d 697. This is one of the penalties, or benefits, depending on the point of view, incident to the privilege of living under the conditions of modern society where some of the personal and property rights that may be enjoyed by an isolated person must be surrendered to and circumscribed by the welfare of the larger group.”'
Appellant’s testimony shows that its property is more valuable for commercial purposes. Of itself, this fact does not invalidate the ordinance. As was pointed out by this court, speaking through Judge Kanner, in Waring v. Peterson, Fla.App. 1962, 137 So.2d 268:
“As a general rule hardship, limitations of use, or diminution of property values alone will not render a zoning ordinance void. This is true, even though the ordinance is harsh and results in serious depreciation of the value of the property affected by it; and financial advantage or disadvantage to owners as a result of it or its enforcement is not the test of its validity. Because of the common effect on properties coming under the general plan of the zoning ordinance, reduction in values shared by most or all the owners in a locality is not enough, of itself, to render the ordinance confiscatory. On the contrary, if the limitations upon the use of the property are constitutional and applied reasonably and fairly to all, they are valid and the individual hardship and loss must be endured to the end that the greater advantage to the community as a whole is made possible. See McQuillin, Municipal Corporations, 3rd Ed., Vol. 8, Section 25.44, p. 98; Yokley, Zoning Law and Practice, Vol. 1, Section 35, p. 58.”
*920 See also City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148.
 Where attack is made on a zoning ordinance duly enacted by a city council upon authorization by legislative grant, the burden of alleging and proving its invalidity is heavy and rests upon the assailant thereof. Village of Virginia Gardens v. Johnson, Fla.App.1962, 143 So.2d 692; Gautier v. Town of Jupiter Island, Fla.App. 1962, 142 So.2d 321; and City of Miami Beach v. Wiesen, supra. This burden has not been carried in the instant case.
An examination of the record herein impels us to the conclusion that, at most, the validity of the ordinance here under attack is a fairly debatable question. When it may be said that a zoning ordinance is fairly debatable the courts will not substitute their judgment for that of the legislative body of the municipality. Village of Virginia Gardens v. Johnson, supra; Gautier v. Town of Jupiter Island, supra; City of Miami Beach v. Wiesen, supra; City of Miami Beach v. Hogan, Fla.1953, 63 So.2d 493; and City of Miami Beach v. Ocean & Inland Co., 1941, 147 Fla. 480, 3 So.2d 364.
For the foregoing reasons the final decree appealed is affirmed.
KANNER and SMITH, JJ., concur.