161 So.2d 683 (1964)
Ralph J. BLANK, Jr., Merry Blank, his wife, Ralph J. Blank, Sr., and Stella Blank, his wife, Appellants,
v.
TOWN OF LAKE CLARKE SHORES, Florida, a municipal corporation, Appellee.
No. 3727.
District Court of Appeal of Florida. Second District.
February 28, 1964.
Rehearing Denied March 27, 1964.
*684 John R. Williams, Ralph J. Blank, Jr., and Kirk Sullivan, West Palm Beach, for appellants.
B.F. Paty, Jr., of Paty, Downey & Lewis, West Palm Beach, for appellee.
SHANNON, Judge.
This action for declaratory decree and injunctive relief was brought by the appellants herein in an attack on a zoning ordinance of the defendant municipality. From an adverse final decree, they have perfected this appeal. The complaint below consisted of two counts, one attacking the validity of the ordinance as applied to all properties within the municipality, and the other attacking the zoning ordinance as applied to a particular portion of the property owned by the appellants. In their complaint they allege, among other things, that they are the fee simple owners of certain real estate lying and being within the corporate limits of Lake Clarke Shores, Florida, and more particularly described as: Lots 2 and 3, Block 6, Addition No. 1, Fla-Mango Grovelets, according to the Plat thereof on file in the office of the Clerk of the Circuit Court, in and for Palm Beach County, Florida; they further allege that the municipal corporation was organized on April 16, 1956; that the territory prior to April 16, 1956, was a part of the unincorporated area of the county; that on that date, i.e., April 16, 1956, the territory was incorporated and existed as a municipal corporation known as the Town of Lake Clarke Shores; that under the terms of Chapter 57-1478, Laws of Florida, effective July 1, 1957, it was provided that the Town of Lake Clarke Shores, Florida, be organized and established, providing further that the ordinances of the former Town of Lake Clarke Shores should remain the ordinances of the new town; that on November 12, 1956, pursuant to "Ordinance No. 8," the land was limited and restricted within the town's corporate limits to the following:
"(a) Dwelling for occupancy by one family only having a minimum floor area of not less than twelve hundred (1200') square feet to be determined by outside dimensions, but excluding carportes, garages, unenclosed porches and utility rooms.
"(b) Public buildings, including only libraries, Town Hall, fire and police stations and underground storage tanks with connecting pump and accessories for a public water service.
"(c) Churches.
"(d) Publicly owned and operated parks and play grounds.
"(e) Accessory buildings and uses customarily incident to the above uses, but not involving the conduct of a business."
Plaintiff Ralph J. Blank, Jr., first became interested in the property involved herein during the years 1953 or 1954, but the plaintiffs did not contract for the purchase thereof until May 21, 1956. Plaintiffs' apparent purpose in purchasing the same was for ultimate business or commercial uses. Prior to the adoption of the ordinance the town council had appointed a five-member zoning commission to study and make recommendations as to the zoning of the town. After several meetings the zoning commission made its recommendations to the town council, which recommendations were included in Ordinance No. 8 after a hearing was held by the town council. At one of the public hearings held by the town council there were in the neighborhood of 100 persons present, at which time a straw vote was taken which indicated that the great majority of those present approved the proposed zoning. At that time the town had approximately 150 residents, and according *685 to the 1960 census, there were 1,297 residents in the town. A considerable amount of testimony was taken below, which totaled almost 300 pages, and the parties had various witnesses, some experts, on both sides. At the conclusion of these hearings the chancellor entered his final decree finding for the defendant municipality. In this extensive final decree (much of which we incorporate herein) the chancellor made findings of fact and conclusions of law which the plaintiffs attack, urging the reversal under nine different grounds. However, no reversible error is made to appear, and we affirm. The chancellor's order states in part:
"The municipality is approximately three miles long in a north-south direction and one-half mile wide in an east-west direction. The west boundary of the municipality is Fla-Mango Road. Forest Hill Boulevard bisects the Town in an east-west direction and extends westerly into unincorporated areas and easterly through the municipality into the City of West Palm Beach, Florida. Plaintiffs' property described in Count Two is located on the north-east corner of the intersection of Forest Hill Boulevard and Fla-Mango Road. Property fronting on Forest Hill Boulevard west of the municipality is zoned for commercial uses by Palm Beach County, * * *."
It is apparent from the record and the final decree that the plaintiffs' property is of considerable more value for commercial purposes than for residential purposes. However, there is no evidence showing the unadaptability or lack of market value of plaintiffs' property as restricted by the ordinance. The record further shows that ample commercial facilities located outside of the municipality are conveniently and readily accessible to its inhabitants, and that there is no demonstrable public need for the same in the town itself. However, if plaintiffs' property were put to a commercial use, the market value of the adjoining properties as presently zoned would indubitably be adversely affected. Our Supreme Court has often recognized that if the subject property be rezoned into a business district, the other property in the subdivision would also have to be rezoned, until by a process of "judicial erosion" the entire zoning plan would be destroyed. Such is not a desirable result in this instance.
The issues herein are not unfamiliar to our courts. This is made clear by the chancellor in his final decree, as follows:
"The Florida appellate courts have previously considered most of the legal questions involved here. The reasonableness of the ordinance as applied to the factual situation of this case must be determined by keeping the accepted rules applicable to cases of this type in mind; i.e., the ordinance is presumptively valid. City of Miami Beach v. Ocean & Inland Co. [147 Fla. 480], 3 So.2d 364. There is a presumption that in the adoption of the ordinance there was found to exist by the town council such facts as justified the establishment of the ordinance and the exclusion therefrom of all uses save those expressly permitted therein. City of Miami Beach v. Hogan [Fla.], 63 So.2d 493; City of Miami Beach v. Silver [Fla.], 67 So.2d 646. One who assails the validity of a zoning ordinance must carry the burden of both alleging and proving the invalidity of the ordinance, and this burden is an extraordinary one. City of Miami Beach v. Silver [Fla.], 67 So.2d 646. Legislative intent will be sustained if the validity of the ordinance is fairly debatable. City of Miami Beach v. Wiesen [Fla], 86 So.2d 442; City of Miami Beach v. Lachman [Fla.], 72 71 So.2d 148, State ex rel Office Realty Co. v. Ehinger [Fla.], 46 So.2d 601. An ordinance may be said to be fairly debatable when for any reason it is open to dispute or controversy on grounds that make *686 sense or point to a logical deduction. City of Miami Beach v. Lachman [Fla.], 71 So.2d 148. The Court may not substitute its judgment for that of the legislative body. City of Miami Beach v. Ocean & Inland Co. [141 Fla. 480], 3 So.2d 364; City of Miami Beach v. Lachman [Fla.], 71 So.2d 148."
In addition to the Florida cases cited, the chancellor has researched various note-worthy decisions from other jurisdictions, including the United States Supreme Court's opinion in Village of Euclid v. Ambler Realty Co., 1926, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016. After quoting from that case, the chancellor further cites Valley View Village v. Proffett, 221 F.2d 412 (6th Cir.1955); Connor v. Township of Chanhassen, 1957, 249 Minn. 205, 81 N.W.2d 789; Gignoux v. Village of Kings Point, 1950, 199 Misc. 485, 99 N.Y.S.2d 280; and Village of Old Westbury v. Foster, 1948, 193 Misc. 47, 83 N.Y.S.2d 148. The chancellor noted that "[t]his very point was raised in the case of Valley View Village v. Proffett, * * *" and in sustaining the municipality's right to so zone its property, the circuit court said, in part:
"`Traditional concepts of zoning envision a municipality as a self-contained community with its own residential, business and industrial areas. It is obvious that Valley View, Ohio, on the periphery of a large metropolitan center, is not such a self-contained community, but only an adventitious fragment of the economic and social whole. We cannot conclude as a matter of law that an ordinance which places all of the area of such a village into a residential district is per se arbitrary and unreasonable, with no substantial relation to the public health, safety, morals or general welfare. It would appear contrary to the very purposes of municipal planning to require a village such as Valley View to designate some of its area for business or industrial purposes without regard to the public need for business or industrial uses. The council of such a village should not be required to shut its eyes to the pattern of community life beyond the borders of the village itself. We think that it is not clearly arbitrary and unreasonable for a residential village to pass an ordinance preserving its residential character, so long as the business and industrial needs of its inhabitants are supplied by other accessible areas in the community at large.'"
We would be remiss in this opinion if we failed to note one particular case on this subject which we feel to be almost "on all fours" with the instant case. That is the case of Gautier v. Town of Jupiter Island, Fla.App. 1962, 142 So.2d 321, in which this court upheld an ordinance which restricted the property involved to single family dwellings. Needless to say, the appellants have assiduously attempted to distinguish this case, but we are too impressed with the marked similarity of facts and issues of law to let the case go unnoticed. In upholding the ordinance in the Jupiter Island case, this court recognized and discussed the authorities already cited herein, as well as many more; and it will be noted that the same reasoning has been employed herein as was employed in the Jupiter Island decision. See also, Village of Virginia Gardens v. Johnson, Fla.App. 1962, 143 So.2d 692; and Polk Enterprises, Inc. v. City of Lakeland, Fla.App. 1962, 143 So.2d 917.
The chancellor below, in concluding, found that under all of the circumstances it could not be said that the restrictions placed upon the plaintiffs' property were not reasonably related to the public welfare. "The question is at least `fairly debatable' and under such circumstances the court is not authorized to substitute its judgment for that of the legislative body of a municipality."
In view of this well-reasoned final decree, and in view of the law which it espouses, which law we find controlling, we *687 find no error in said decree, and it is hereby affirmed.
Affirmed.
ALLEN, Acting C.J., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.