195 So.2d 586 (1967)
Myrlyn L. ALLEN, Appellant,
v.
Richard SECOR, John Hench, Leland Metzler, Arthur Maher, Russell Raab and C. Frank Snyder, Appellees.
No. 7230.
District Court of Appeal of Florida. Second District.
February 10, 1967.
Rehearing Denied March 14, 1967.
*587 Margaret E. Deaton, Tampa, for appellant.
N.S. Gould, of Phillips, McFarland, Routh & Gould, Clearwater, for appellees.
ALLEN, Chief Judge.
Myrlyn L. Allen, plaintiff below, seeks to appeal from a final order dismissing her complaint.
Appellant attempted to sue five members of the City Council of Belleair Beach for damages claimed as a result of their alleged negligence in passing a zoning ordinance without fulfilling the procedural requirements of public notice and hearing. The Mayor of Belleair Beach was joined in the suit for his approval of the ordinance.
Appellant owned and lived in her Mercedes-Benz microbus located in Belleair Beach but not situated in a licensed mobile home park. The zoning ordinance in question prohibited the use of camp cars, house cars, mobile homes, etc., or living quarters within the city limits except within the confines of licensed mobile home parks. She makes various claims of damages as a result of the passing of the ordinance.
We will decide this case solely upon whether the members of the city council and the mayor, acting in a like capacity, can be sued for torts committed in the exercise of their official public function.
The principles found in Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193, and City of Miami v. Simpson, Fla. 1965, 172 So.2d 435, are applicable here. Both these cases held a municipality liable for torts committed by their employees acting within the scope of their employment but specifically exempted municipal liability for tortious acts committed in the exercise of legislative, judicial, quasi-legislative or quasi-judicial functions.
When the officials of a municipality engage in functions legislative or quasi-legislative in character they too are immune from suit. 4 McQuillin, Municipal Corporations, § 12.222 (3rd ed. 1949); Prosser, Torts § 126 (3rd ed. 1964). The promulgation of a zoning ordinance is a legislative function of a city council. Schauer v. City of Miami Beach, Fla. 1959, 112 So.2d 838. The mayor, acting in like capacity, is also immune.
The order dismissing the complaint is affirmed.
Affirmed.
LILES, J., and WINGFIELD, ROBT. H., Associate Judge, concur.