220 So.2d 22 (1969)
TOWN OF NORTH REDINGTON BEACH, Florida, Appellant,
v.
Winnie G. WILLIAMS, Appellee.
No. 67-480.
District Court of Appeal of Florida. Second District.
February 19, 1969.
Rehearing Denied April 1, 1969.
Hugh E. Reams, of Kiernan & Reams, and Harold J. Soehl, St. Petersburg, for appellant.
*23 John W. Hamilton, of Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellee.
PIERCE, Judge.
This is an appeal by appellant Town of North Redington Beach, Florida, defendant below, from an adverse final judgment in a suit filed against the town by appellee, Winnie G. Williams, plaintiff below.
The subject matter of the litigation, and the sole point before this Court, is the validity of zoning Ordinance #65 of the defendant municipality as applied to plaintiff's property, Lot 10 of Bath Club Estates, located within the town limits.
On July 5, 1962, a comprehensive zoning plan for the town, embraced in Ordinance #42, became effective, under which ordinance properties within the area had a multi-family classification without restriction as to number of family or dwelling units. While this ordinance was still effective, plaintiff Williams, on April 29, 1964, through a local real estate broker, applied for and obtained permit from the local town officials to construct a 14-family unit facility upon her property; however she never pursued the project or further activated any building program pursuant to such permission. On September 29, 1965, the governing body of the town passed zoning Ordinance #65, the effect of which limited and restricted the use of her property to a maximum of four family or dwelling units.
Feeling that said Ordinance #65 constituted an unjust deprivation of her legal rights in the usage of her property, she filed suit in the Pinellas County Circuit Court asking that said Ordinance #65 be "cancelled as constituting a cloud upon her title" and held void as an unwarranted and illegal restriction. The town answered, contending that Ordinance #65 was valid and enforceable as against her property; that it was not discriminatory nor constitutionally unjust; that she had been accorded a hearing before the local Planning and Zoning Board; and that such Board, after full hearing pro and con, had recommended the Ordinance to the town's Board of Commissioners, which latter Board had then approved and confirmed its enactment. The town further averred that the ordinance was "fair and reasonable and necessary or proper to protect the property rights and interest of the public" and of the owners of adjacent and nearby properties, that the ordinance was reasonable and bore "just relationship to health, safety, morals and welfare" of the community and its citizens, that the ordinance was "fairly debatable and within the ambit of the town's discretion", and did not in any other way infringe upon her constitutional rights.
A three day trial was held before the Court, at which many witnesses, both expert and non-expert, testified, and more than 40 exhibits were put in evidence. The Chancellor entered final judgment holding Ordinance #65 to be "arbitrary and unreasonable" and decreeing that it was unconstitutional and void as applied to plaintiff's land. The town has appealed to this Court, assigning twenty-one alleged errors, all of which may be epitomized by the 19th assignment which says that "the Court erred in concluding that the validity of the zoning ordinance as amended is not fairly debatable". We agree and reverse.
We take pardonable pride in quoting inter alia from the 3rd District Court case of City of Coral Gables v. Sakolsky, Fla. App. 1968, 215 So.2d 329, 333, as follows:
"Questions of zoning policy, of benefit or detriment, of what is good or bad for the city and the public, involve an exercise of police power and are essentially matters within the legislative orbit of the city. City of Miami Beach v. Greater Miami Hebrew Academy, Fla. App. 1959, 108 So.2d 50; Josephson v. Autrey, Fla. 1957, 96 So.2d 784. Zoning is the exclusive function of the appropriate *24 zoning authorities and not the Courts, Hillsborough County v. Twin Lakes Mobile Home Village, Inc., Fla.App. 1964, 166 So.2d 191; Allen v. Secor, Fla.App. 1967, 195 So.2d 586, and a city's motive in enacting a zoning or rezoning ordinance is not subject to judicial inquiry. Housing Authority of City of Melbourne v. Richardson, Fla.App. 1967, 196 So.2d 489."
Zoning is not a matter for the Courts to decide or ordain by judicial fiat. As stated in Godson v. Town of Surfside, 1942, 150 Fla. 614, 8 So.2d 497 "[w]ith the wisdom of the town council in enacting the zoning ordinance, we are not concerned * * *" If there is a reason and a purpose for zoning ordinances, and they are fair, they should be upheld. The Courts have uniformly held that zoning ordinances are presumptively valid. See this 2nd District Court's opinion in City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449, and the authorities therein cited.
The 1st District Court in Burritt v. Harris, Fla.App. 1964, 166 So.2d 168, held:
"The burden is upon the appellant to show reversible error, for the decree of the chancellor comes before this Court clothed with the presumption of correctness. City of Miami v. Hollis, Fla., 77 So.2d 834. One who assails the validity of a zoning regulation must carry the burden of proving its invalidity, and this burden is an extraordinary one. Blank et al. v. Town of Lake Clarke Shores, Florida, decided by the District Court of Florida, Second District, 161 So.2d 683, opinion filed February 28, 1964; City of Miami Beach v. Silver, Fla., 67 So.2d 646. The Zoning board acts in a legislative capacity and the Court in reviewing its action may not substitute its judgment for that of the legislative body. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364. Legislative intent will be sustained if the validity of the regulation in its application to the property in question is `fairly debatable'. City of Miami Beach v. Wiesen, Fla., 86 So.2d 442. The regulation is said to be `fairly debatable' when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction that in no way involves its constitutional validity. City of Miami Beach v. Lachman, Fla., 71 So.2d 148."
Burritt v. Harris, supra, was overruled by the Supreme Court, but only because the evidence was deemed to be conclusive that the local zoning board had improperly refused to rezone the land in question from residential, due to certain factors peculiar only to that particular property, such as smell and odor from a nearby paper mill and noise and other hazards from the abutting municipal airport, all of which rendered the zoning change application "not fairly debatable". The ground rules for determining the validity of a zoning change, as set forth in the foregoing quotation from the 1st District Court opinion, were not disturbed. In fact, the Supreme Court fully approved the same (except for the strictly evidentiary point) in the following language from the high Court's opinion, 172 So.2d 820, text 823:
"It is not the function of a court to rezone property but, the facts and circumstances of this cause considered, it is our function to determine at what point zoning restrictions become arbitrary. The evidence having conclusively shown the petitioner's property to be unfit for residential purposes, it is our view the petitioner's rights should be settled here by holding the respondents are required to rezone petitioner's property to a classification not more restrictive than industrial `A'". (Emphasis supplied).
Ordinance #65 here involved was one upon which reasonable men could differ. It had its proponents and its detractors. The only testimony directed against the ordinance was that it might cause some financial loss to the plaintiff. Experts on *25 both sides agree that a buffer zone, which would be created by the ordinance, is desirable. Plaintiff is not deprived of the beneficial use of her property, and in fact might obtain an even better return on her investment under the subject zoning. The ordinance was "fairly debatable" and in such circumstances "a court does not have the right or authority to substitute its judgment for that of the municipal legislative body, charged with the power and duty of enacting zoning legislation". Village of Virginia Gardens v. Johnson, Fla.App. 1962, 143 So.2d 692. See also Blank v. Town of Lake Clarke Shores, Fla.App. 1964, 161 So.2d 683, a 2nd District Court case, and the authorities therein cited, text 685-686.
The basic criteria for sustaining a zoning ordinance was fully met in the lower Court. The evidence shows a substantial relationship between Ordinance #65 and the safety, morals, public health, and general welfare of the community. The local Mayor, the local Chief of Police, the local Fire Chief, local Zoning Commissioners, local residents similarly affected, and numerous other witnesses, both lay and expert, testified with respect to various aspects of the ordinance, largely in favor of the town.
But it was not necessary that the evidence establish the wisdom, propriety, or efficacy of the ordinance. The local zoning authority had already done that. It was only essential that it show that reasonable minds might differ as to the essential elements involved. The evidence met such test, and the presumptive validity of the ordinance, duly enacted by the legislative arm of the municipality, could not be said to have been overcome.
Our determination in the instant case is fully in accord with the rationale of the Supreme Court's recent opinion in City of St. Petersburg, Florida v. Aikin, 217 So.2d 315, filed October 30, 1968, which case closely parallels the principles involved here.
From what has been said, it necessarily follows that the final judgment appealed from is reversed, with directions to enter judgment dismissing the suit.
Reversed and remanded.
LILES, C.J., and MANN, J., concur.